*United States v. Fletcher*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of February, two thousand twenty-four.

PRESENT:

> PIERRE N. LEVAL,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

───────────────────────────────────────

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                No. 22-2994

ISAAC FLETCHER,

> *Defendant-Appellant*.*

───────────────────────────────────────

───────────────────────

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

| | |
|---|---|
| **For Defendant-Appellant:** | B. Alan Seidler, New York, NY. |
| **For Appellee:** | Jonathan E. Rebold, Hagan Scotten, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 17, 2022 judgment of the district court is **AFFIRMED**.

Isaac Fletcher appeals from the district court's judgment of conviction following his guilty plea to one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Fletcher's sole argument on appeal is that his former attorney provided ineffective assistance of counsel when he erroneously told Fletcher that the government would file a motion pursuant to section 5K1.1 of the United States Sentencing Guidelines (a "5K Letter") stating that he provided substantial assistance to the government. Without the benefit of such a motion, Fletcher was sentenced to 48 months' imprisonment, well below the advisory Guidelines range of 57 to 71 months' imprisonment to which the parties stipulated

2

in their plea agreement. Fletcher now argues that his conviction must be vacated because he would have gone to trial – where he would have faced two counts instead of one – were it not for the erroneous statement allegedly made by his attorney. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

When a defendant brings an ineffective assistance claim on direct appeal, we may "(1) decline to hear the claim, permitting the [defendant] to raise the issue as part of a subsequent petition for writ of habeas corpus; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Overton*, 24 F.4th 870, 880 (2d Cir. 2022) (internal quotation marks and alterations omitted). "[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance," since "a trial record [is] not developed precisely for the object of litigating or preserving" such claims. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003). However, in a case where "the defendant has new counsel on appeal [meaning counsel other than the attorney who allegedly provided ineffective assistance below] and he argues no ground that is not fully developed in the record," there is "no reason [for our Court] to defer consideration of the claim."

3

*United States v. Finley*, 245 F.3d 199, 204 (2d Cir. 2001). Given the facts of this appeal, we will decide Fletcher's claim on the record before us.

"A claim of ineffective assistance entails a showing that: 1) the defense counsel's performance was objectively unreasonable; and 2) the deficient performance prejudiced the defense." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). "To satisfy the second prong of *Strickland* in the context of plea negotiations, the defendant must show that there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

The government concedes that the record with respect to *Strickland*'s first prong – counsel's deficient performance – is not fully developed, since neither Fletcher nor his prior counsel have had an opportunity to present evidence regarding counsel's alleged misstatement. We therefore assume for the moment that Fletcher's former attorney did misrepresent that the government agreed to file a 5K Letter. But the record *is* fully developed with respect to *Strickland*'s second prong: prejudice to the defendant. Because it is clear there was no "reasonable

4

probability" that Fletcher "would have proceeded to trial" but for his counsel's alleged misstatement, Fletcher cannot show that he was prejudiced by counsel's performance. *Arteca*, 411 F.3d at 320 (citing *Hill*, 474 U.S. at 59).

The record reflects that, at the time of his guilty plea, Fletcher knew that a 5K Letter from the government would not be coming and yet still chose to plead guilty. For starters, the plea agreement makes no mention of a 5K Letter. On the contrary, it expressly provides that "[a]part from any written Proffer Agreement(s) that may have been entered into between this Office and defendant,[1] this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties." Fletcher App'x at 65.

Similarly, at the change-of-plea hearing, the district court asked Fletcher if "anybody [has] promised you or offered you anything, other than the government by way of this written plea agreement, in order to get you to plead guilty." *Id.* at 32. Fletcher replied that "[n]othing has been promised. It's just this plea

---

[1] Fletcher does not contend that any such prior written agreement existed.

5

agreement." *Id.* After discussing the terms of the plea agreement, which did not mention a 5K Letter, the district court asked Fletcher whether "it [is] still your intention to plead guilty to Count One of the indictment," to which Fletcher responded, "Yes, your Honor. I plead guilty to Count One of the indictment." *Id.* at 37. These "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. Rivernider*, 828 F.3d 91, 105 (2d Cir. 2016).

Any remaining doubt as to whether Fletcher would have elected to go to trial but for his former attorney's alleged misstatement is dispelled by Fletcher's actions after the government submitted its sentencing memorandum – without a 5K Letter – on July 29, 2022. *See* Supp. App'x at 1–5. Over the next three months, Fletcher's new counsel, who remains his counsel on appeal, filed a sentencing memorandum, *see id.* at 6–11, a supplemental sentencing memorandum, *see* Dist. Ct. Doc. No. 90, and a letter from Fletcher himself, *see* Supp. App'x at 12–14, none of which ever mentioned Fletcher's attempts at cooperation, his expectation of a 5K Letter, or a desire to withdraw his guilty plea. The record leaves us with a firm conviction that Fletcher's guilty plea was not contingent upon his alleged belief that he would receive a 5K Letter.

6

Because the record is compelling that, whatever Fletcher's former counsel told him about a 5K Letter, he would not have proceeded to trial, *see Arteca*, 411 F.3d at 320 (citing *Hill*, 474 U.S. at 59), Fletcher's ineffective assistance claim fails as a matter of law. *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the [*Strickland*] inquiry if the defendant makes an insufficient showing on one.").

We have considered Fletcher's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7